UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X

JOHN GIBBS and BETTY GIBBS,

               Plaintiffs,

                                           **MEMORANDUM AND ORDER**

      -against-                     18-CV-901 (KAM)(LB)


MATTHEW L. DESKI, in his private and
professional capacity, CAPITAL ONE AUTO
FINANCE a/k/a CAPITAL ONE N.A., and
JOHN/JANE DOE 1 to 100 as they become
known anywhere, USA,

               Defendants.

--------------------------------------X

**MATSUMOTO, United States District Judge:**

        On February 9, 2018, plaintiffs John Gibbs and Betty

Gibbs (collectively "plaintiffs" or "the Gibbs") commenced this

action against defendants Matthew L. Deski ("Mr. Deski") and

Capital One Auto Finance ("Capital One"), alleging that various

acts of the defendants violated the Fair Debt Collection

Practices Act ("FDCPA").  (ECF No. 1, Complaint at 1-2.)

Plaintiffs filed an amended complaint on April 25, 2018, which

included additional allegations that Capital One communicated

inaccurate information to credit reporting agencies regarding an

account the plaintiffs had with Capital One.  (ECF No. 16,

Amended Complaint ("Am. Compl.") at 3-4.)  Defendants

subsequently moved for dismissal pursuant to Federal Rule of

Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 17, Notice of Motion to Dismiss Plaintiffs' Amended Complaint.) For the reasons stated below, defendants' motion to dismiss this action is granted.

## BACKGROUND

The plaintiffs purchased a Honda CR-V vehicle on May 17, 2017, and obtained an account with Capital One associated with the installment contract for the purchase of the vehicle. (ECF No. 16-1, Am. Compl., Attachment C at 34.) On August 28, 2017, Capital One Auto Finance sent Betty Gibbs a "Notice of Default and Right to Cure" letter, informing her that she had failed to comply with the terms and conditions of the CR-V account by failing to make timely payments. (*Id.* at 33.) The letter provided instructions for curing the default and the consequences for doing so and not doing so. (*Id.*) The letter stated that the "communication [was] from a debt collector and [was] an attempt to collect a debt[.]" (*Id.*)

On September 27, 2017, the plaintiffs responded to Capital One with a "Notice and Demand to Validate Debt Claim," directing Capital One to validate its claim on the debt and directing it to cease further collection activity until it had validated the claim. (ECF No. 16-1, Am. Compl., Attachment A at 2-6.) Capital One responded on October 13, 2017, stating that it had "reviewed [plaintiffs'] letter and den[ied] any

allegations it contain[ed.]" (ECF No. 16-1, Am. Compl.,
Attachment C at 34.) Capital One advised plaintiffs that it
"reviewed [plaintiffs'] account and confirmed that [it] acted
appropriately in this matter." (*Id.*) The letter also attached
the installment contract and the payment transaction history for
the account as enclosures. (*Id.*)

Thereafter, Capital One sent John Gibbs a "Notice of
Default and Right to Cure" letter on October 26, 2017, which was
the same as the prior letter sent to Betty Gibbs in August 2017,
except that the amount due and payment deadline were different.
(*Id.* at 36.)

The plaintiffs sent another "Notice and Demand to
Validate Debt Claim" on November 2, 2017. (ECF No. 16-1, Am.
Compl., Attachment C at 39; Am. Compl., Attachment A at 13.)
Capital One responded on November 16, 2017, stating that it had
reviewed the plaintiffs' letter, that it denied any allegations
the letter contained, and that it had responded to the
plaintiffs through the previous letter dated October 13, 2017.
(ECF No. 16-1, Am. Compl., Attachment C at 39.) Capital One
attached the same documents as it had before and noted that its
"position ha[d] not changed since [its] previous
correspondence." (*Id.*)

On November 22, 2017, Capital One informed plaintiffs
that it had "investigated [the plaintiffs'] fraud/identity theft

claim and ha[d] determined that the claim [was] not valid based on the information provided to [Capital One] for [its] review. As a result, [Capital One would] not be making any changes to [the plaintiffs'] account status as reported to the credit reporting agencies." (ECF No. 16-1, Am. Compl., Attachment C at 41.) The plaintiffs were advised that they could resubmit their claim if they still believed they were the victim of fraud or identity theft, and Capital One attached the necessary documents for resubmission. (*Id.*)

On January 11, 2018, plaintiffs sent Capital One and Mr. Deski a "Notice of Default and Opportunity to Cure," which directed the defendants to validate the debt at risk of breaching the FDCPA. (ECF No. 16-1, Am. Compl., Attachment A at 8-11.) Defendants responded to the January 11 letter on January 30, 2018, reiterating that "[a]s [Capital One] explained in [its] October 13, 2017 and November 16, 2017 letters, [it had] acted appropriately and within [its] rights in this matter." (ECF No, 16-1, Am. Compl., Attachment C at 49.) The defendants "respectfully decline[d] any offers and den[ied] any allegations made in [plaintiffs'] most recent letter." (*Id.*) Defendants reminded the plaintiffs that they had provided plaintiffs with the underlying contract and transaction history in past correspondence. (*Id.*) Defendants announced that the letter was

their "final response to this matter, and [they would] no longer respond in writing." (*Id.*)

Plaintiff's next submission to the defendants was a "Performance Deficiency Default Affidavit for Noncompliance," which was sent on January 25, 2018, and advised the defendants that they were in default for failure to "provide verified and validated documentation" in response to plaintiffs' past submissions. (ECF No. 16-1, Am. Compl., Attachment A at 13-14.) Plaintiffs' affidavit described those past submissions, referring to four "Notice and Demand to Validate Debt Claim" documents, sent on September 27, 2017, November 2, 2017, November 14, 2017, and December 12, 2017, and one "Notice of Fault and Opportunity to Cure" document sent on January 11, 2018. (*Id.* at 13.)

Plaintiffs mailed copies of all of their previously-sent documents to the defendants twice more on February 2, 2018 and February 27, 2018, but did not receive further responses from the defendants. (*Id.* at 22-23.) Plaintiffs subsequently filed this action on February 9, 2018, and defendants moved to dismiss, with papers submitted on July 3, 2018. Plaintiffs did not file an opposition to defendants' motion, so the motion is unopposed.

## LEGAL STANDARD

## I.  Motion to Dismiss for Failure to State a Claim

"To survive a motion to dismiss pursuant to Rule
12(b)(6), a complaint must contain sufficient factual matter,
accepted as true, to 'state a claim to relief that is plausible
on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570
(2007)). "A claim has facial plausibility when the plaintiff
pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged." *Id.* A complaint providing only "labels
and conclusions" or "a formulaic recitation of the elements of a
cause of action will not do." *Twombly*, 550 U.S. at 555. In
evaluating a motion to dismiss, the court should "accept[] all
factual allegations in the complaint as true, and draw[] all
reasonable inferences in the plaintiff's favor." *Chambers v.
Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The court
"may consider the facts alleged in the complaint, documents
attached to the complaint as exhibits, and documents
incorporated by reference in the complaint." *DiFolco v. MSNBC
Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

"A document filed *pro se* is 'to be liberally
construed' . . . and 'a *pro se* complaint, however inartfully
pleaded, must be held to less stringent standards than formal
pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S.
89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106

(1976)).  A court must read *pro se* filings "to raise the strongest arguments they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).  "Nevertheless . . . *pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .'" *Doherty v. Citibank (S. Dakota) N.A.*, 375 F. Supp. 2d 158, 160 (E.D.N.Y. 2005) (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotations omitted)).

"In deciding an unopposed motion to dismiss, a court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency.'" *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (quoting *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000).  "[A]lthough a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall*, 232 F.3d at 322-23.  "If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *Id.* at 323.  *See also Goldberg v. Danaher*, 599 F.3d 181, 183 (2d Cir. 2010) ("Because a motion under Rule 12(b)(6) presents a pure legal question, based on allegations contained within the four corners of the complaint, the district court is equipped to

make a determination on the merits [absent a filed
opposition].").

## DISCUSSION

### I.  Fair Debt Collection Practices Act

"The FDCPA prohibits deceptive and misleading
practices by 'debt collectors.'"  *Carlson v. Long Island Jewish
Med. Ctr.*, 378 F. Supp. 2d 128, 130 (E.D.N.Y. 2005) (citing 15
U.S.C. § 1692(e)).  A "debt collector" is defined as "any person
who uses any instrumentality of interstate commerce or the mails
in any business the principal purpose of which is the collection
of any debts, or who regularly collects or attempts to collect,
directly or indirectly, debts owed or due or asserted to be owed
or due another."  15 U.S.C. § 1692a(6)  In contrast, "[a]s a
general matter, creditors are not subject to the FDCPA."
*Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d
Cir. 1998).  A "creditor" is defined as "any person who offers
or extends credit creating a debt or to whom a debt is owed . .
. ."  15 U.S.C. § 1692a(4).

Section 1692a(6) of the FDCPA contains one exception
under which a creditor is considered a debt collector.  "[T]he
term [debt collector] includes any creditor who, in the process
of collecting his own debts, uses any name other than his own
which would indicate that a third person is collecting or
attempting to collect such debts."  15 U.S.C. §1692a(6).

"Although a creditor need not use its full business name or its name of incorporation to avoid FDCPA coverage, it should use the 'name under which it usually transacts business, or a commonly-used acronym[.]'" *Maguire*, 147 F.3d at 235 (citing Federal Trade Commission Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 Fed.Reg. 50097, 50107 (1988)). A creditor may also avoid FDCPA coverage by using "any name that it has used from the inception of the credit relation." *Id.*

Plaintiffs claim in their complaint that the defendants have engaged in a number of violations under various sections of the FDCPA, including Sections 1692c(C), 1692e(8), 1692f(4), and 1692g(B). (ECF No. 16, Am. Compl. at 1; *see also id.* at 4.) Defendants argue that plaintiffs cannot maintain a cause of action against Capital One because it is not a debt collector under the FDCPA and because there is no allegation that Capital One used a false name in collecting the debt. (ECF No. 19, Memorandum of Law of Defendants Capital One, N.A. and Matthew L. Deski in Support of Their Motion to Dismiss the Amended Complaint (Defs' Memo) at 4-5.) Defendants also assert that plaintiffs, in their complaint, "allege that Capital One attempted to collect a debt *owed to it* as the original creditor." (*Id.* at 4 (emphasis in original); ECF No. 16, Am. Compl. ¶ 1 (citing Attachment C).)

Plaintiffs have alleged that Capital One is a debt collector. (*See* ECF No. 16, Am. Compl. ¶ 1 (citing Attachment C at 33 ("This communication is from a debt collector and is an attempt to collect a debt[.]")).) This is, however, merely a conclusory allegation, as the plaintiffs have not offered any facts to establish that Capital One is a debt collector as defined by the *statute*, rather than a creditor collecting its own debt. Plaintiffs have not alleged, nor could they, that Capital One's principal purpose is to collect or attempt to collect debts owed or due to another person. Moreover, plaintiffs' attachment to their amended complaint contains information lending credence to defendants' claim that Capital One is a creditor that was trying to collect its own debt. (*See id.* at 34 ("Our records indicated that you purchased the above vehicle on May 17, 2017 . . . . [P]lease find a copy of your retail installment contract for this account. The contract sets forth the terms and conditions of *our agreement*, and explains your obligations to make payments to Capital One.") (emphasis added).) Plaintiffs also have not alleged that Capital One acted as a debt collector by using a name other than its own in its attempt to recover the debt from the plaintiffs; thus, the creditor exception in Section 1692a(6) of the FDCPA does not apply. Because plaintiffs have not established that Capital One

is a debt collector within the meaning of the statute, their FDCPA claims against it are dismissed.[1]

The court also dismisses the plaintiffs' FDCPA claims against Mr. Deski.  As defined by the statute, the term "debt collector" "does not include . . . any officer or employee of a creditor [who,] while[] in the name of the creditor, collect[s] debts for such creditor[.]"  15 U.S.C. § 1692a(6)(A).  Mr. Deski communicated with the plaintiffs as an employee of Capital One while trying to collect the debt.  (*See* ECF No. 16-1, Am. Compl., Attachment C at 35, 40, 49 (identifying Mr. Deski as writing on behalf of the "Office of the President, Capital One Auto Finance" in the signature line).)  Therefore, Mr. Deski is not liable for any violation of the FDCPA.

## II.  Fair Credit Reporting Act

Although the FDCPA is the only statute plaintiffs name specifically in reporting the defendants' alleged misconduct, plaintiffs describe Capital One Auto Finance as having made "negative entrances" to credit reporting agencies Experian, TransUnion, and Equifax, and they report the existence of "negative reports on each . . . plaintiff['s] credit history."

---

[1] The FDCPA is the only statute the plaintiffs cite as a basis for their claims.  They otherwise argue that "Defendants have failed to perform actions prescribed by . . . several New York state laws" and that "Defendants are in breach of . . . the New York State Constitution."  Without more specificity, the court finds that plaintiffs fail to state any state law claims against defendants.  To the extent the Amended Complaint seeks to assert state law claims, they are dismissed.

(ECF No. 16, Am. Compl. at 3-4.)  Plaintiffs do not identify the
statute they claim was violated by these alleged actions, but
the defendants construe these claims as allegations that Capital
One violated the Fair Credit Reporting Act ("FCRA"). (ECF No.
19, Defs' Memo at 5-6.)  Defendants argue that because Capital
One is a furnisher of information, rather than a consumer
reporting agency, the FCRA does not provide a private right of
action against Capital One based on information it may have
provided to any credit reporting agencies.  (*Id.*)  The
defendants also argue that they had no duty to investigate any
credit reporting issues because the credit reporting agencies
did not put them on notice of any disputes.  (*Id.* at 6.)

    "As part of [its] regulatory scheme, the [FCRA]
imposes several duties on those who furnish information to
consumer reporting agencies."[2]  *Longman v. Wachovia Bank, N.A.*,
702 F.3d 148, 150 (2d Cir. 2012).  A "furnisher" is "an entity
that furnishes information relating to consumers to one or more
consumer reporting agencies for inclusion in a consumer report."
16 C.F.R. § 660.2.  "Section 1681s-2(a) [of the FCRA] discusses
a furnisher's duty to report accurate information and its
ongoing duty to correct and update inaccurate information."
*Markovskaya v. Am. Home Mortg. Servicing, Inc.*, 867 F. Supp. 2d

---

[2] "Consumer reporting agency" is the term used in the statute, but the term
"credit reporting agency" is also used in caselaw.  *See Nguyen v. Ridgewood
Sav. Bank*, 66 F. Supp. 3d 299, 303 n.6 (E.D.N.Y. 2014).

340, 343 (E.D.N.Y. 2012).  Section 1681s-2(d) of the FCRA,
however, "plainly restricts enforcement of [subsection (a)] to
federal and state authorities."  *Longman*, 702 F.3d at 151.
Plaintiffs therefore cannot maintain an action against Capital
One under subsection (a) of Section 1681s-2.

In addition to the responsibilities under Section
1681s-2(a), "Section 1681s-2(b) [of the FCRA] governs the
furnisher's duties after receiving notice from a credit
reporting agency regarding the accuracy of credit information."
*Markovskaya* 867 F. Supp. 2d at 343.  "Section 1681s-2(b)
provides that furnishers of information, 'after receiving notice
pursuant to section 1681i(a)(2) of this title of a dispute with
regard to the completeness or accuracy of any information
provided . . . to a consumer reporting agency,' must investigate
the disputed information according to specific procedures."
*Nguyen v. Ridgewood Sav. Bank*, 66 F. Supp. 3d 299, 305 (E.D.N.Y.
2014).  The plaintiffs have not alleged that they informed any
credit reporting agency of any inaccuracies, that Capital One
was notified by the credit reporting agencies regarding any
disputes, or that Capital One failed to investigate any disputes
in response to a notification from a credit reporting agency.

Any claim the plaintiff may assert under the FCRA against Capital One is therefore dismissed.[3]

## CONCLUSION

For the foregoing reasons, the court grants defendants' motion to dismiss.  Although a plaintiff may be granted leave to amend when a complaint is dismissed for failure to state a claim, such amendment need not be granted where, as here, plaintiffs have already filed an amended complaint and any amendment would be futile.  Defendants shall serve a copy of this Memorandum and Order on the plaintiffs and note service on the docket by March 25, 2019.  The Clerk of Court is respectfully directed to enter judgment in favor of the defendants, mail a copy of the judgment to plaintiffs along with an appeals packet, note service on the docket, and close the case.

**SO ORDERED.**


Dated:    March 22, 2019
          Brooklyn, New York


_____/s/_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York


---

[3] Because the complaint refers to Mr. Deski only in relation to the FDCPA claims, the court considers any FCRA claims to be alleged solely against Capital One.